UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 09-CV-7-HRW

WILLIAM O'CONNOR                                                                                PETITIONER

VS:             **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                          RESPONDENT

William O'Connor is currently confined in the Federal Correctional Institution which is located in Ashland, Kentucky ("FCI-Ashland"). O'Connor has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 2] and has paid the $5.00 filing fee [Record No. 3].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

CLAIMS

The petitioner has named E. K. Cauley, the Warden of FCI-Ashland, as the respondent to this action. O'Connor asks the Court to determine that the USPC's indefinite denial of his

---

[1] A *pro se* petition is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action is either frivolous or malicious, or it fails to state a claim upon which relief can be granted.

parole is arbitrary and capricious and to order the USPC either to release him immediately to parole status or to provide justification for its actions.

Petitioner O'Connor alleges that over a thirteen-month period of time, the United States Parole Commission ("USPC") arbitrarily and capriciously denied him release on parole on five separate occasions. Petitioner O'Connor complains the USPC improperly revoked presumptive release dates of December 15, 2007 and March 15, 2008, respectively. O'Connor claims that the USPC's actions have violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. O'Connor seeks redress by way of this § 2241 petition. The respondent will be directed to respond to the § 2241 petition.

## ALLEGATIONS OF THE PETITION
### 1. Summary of O'Connor's Claims

O'Connor alleges that the USPC failed to adequately consider any of the five submitted pre-release plans which he submitted. He places special emphasis on the USPC's failure to consider the merits of his fifth and most recent pre-release plan, which consisted of him staying with Andy and Tammy Ledford, a couple who reside in the Georgia. The USPC rejected that plan, stating that the Ledfords had failed to assist the USPC in arranging a home visit with both of them present.

The USPC further stated that it would not consider any future requests from O'Connor because he had submitted numerous prior plans which it had denied as inadequate. The USPC explained in related correspondence that O'Connor's lack of ties to Georgia area justified rejection of that proposal.

O'Connor contends that the USPC has acted in bad faith in summarily rejecting his pre-release plans. He argues that he has lived in the Georgia area since the completion of his initial

mandatory service of twenty years and that his last legal residence was Atlanta, Georgia. He states that in addition to providing a stable residential environment, the Ledfords offered to assist him in obtaining gainful employment.

### 2. Sentence and Subsequent Parole Violations

In his Memorandum of Law and attached exhibits, Petitioner O'Connor provides the following history of his criminal conviction and federal custody [Record No. 2-2 and 2-3]. In April of 1985, he was convicted of Armed Robbery in the Passaic County Superior Court of New Jersey [Record No. 2-2, p.2]. A fifty- year sentence was imposed with a minimum of 20 years to be served under state law before he would be eligible for parole [*Id*]. In 1991, pursuant to the provisions of the Interstate Compact Agreement, O'Connor was transferred from state custody to the custody of the Federal Bureau of Prisons ("BOP").

On March 21, 2006, the USPC remanded O'Connor to BOP custody for 12 months of incarceration because of multiple alleged parole violations. O'Connor states that he was paroled without incident when that term expired. On or about October 19, 2006, O'Connor was arrested by state authorities in Cobb County, Georgia, and charged with a number of violations including speeding and driving under the influence. He states that he received a twelve-month probationary sentence in state court on the charges, and was then transferred to federal custody.

### 3. Release Plans and Presumptive Parole Date Decisions

Pursuant to the terms of an expedited revocation proposal which O'Connor signed on February 1, 2007, the USPC issued a "Notice of Expedited Revocation" On February 9, 2007 [Record No. 2-3, p.1]. Noting that O'Connor had violated the terms of his parole by Driving Under the Influence, the USPC revoked O'Connor's parole and determined he would receive no

credit for time spent on parole [*Id*]. The USPC required O'Connor to serve 14 months for his parole violation and set a presumptive parole date of December 16, 2007 [*Id*].

On August 3, 2007, the USPC issued a "Notice of Action Letter," informing O'Connor that his presumptive parole date was still December 16, 2007 [Record No. 2-3, p.2].[2] The USPC imposed an additional, special condition of a 120-day placement in a Community Corrections Center ("CCC") because of O'Connor's drug dependency and his inability to secure a satisfactory release plan [*Id*.].

On November 20, 2007, the USPC issued another "Notice of Action Letter," postponing O'Connor's presumptive parole date ninety (90) days, until March 15, 2008 [*Id*., p.3]. The USPC stated that O'Connor was to remain in CCC placement for 120 days, and reiterated that O'Connor was to participate in either an inpatient or outpatient program for drug and alcohol addiction. The USPC noted that while O'Connor had maintained good institutional adjustment, additional time was "needed to develop a satisfactory release plan." [*Id*.].

On February 13, 2008, Dan Craven, Senior United States Probation Officer for the United States District Court for the District of Georgia, and Jan M. Kay, Supervising Probation Officer, issued a letter addressed to Debra Jones-Dawkins, Case Manager for United States Penitentiary in Atlanta, Georgia [*Id*., p.5]. They denied O'Connor's release plan to the "the Potter's House" in Jefferson, Georgia, because "it is a division of the Atlanta Union Mission and does not sponsor release programs for federal or state prison inmates." [*Id*.]. Craven and Kay stated:

> "Further, please be advised that the U.S. Probation Office in this District will not accept further release plan investigation requests for this subject. As you are aware, this concludes the fourth plan we have investigated and denied. The

---

[2] The USPC conducted an interim proceeding pursuant to 28 C.F.R. § 2.14.

4

subject has absolutely no family ties in the Northern District of Georgia. By way of a copy of this letter, I am requesting re-designation of subject to a BOP facility in a district where he may have family ties."

[*Id.*].

On August 28, 2003, the USPC issued a "Notice of Action Letter," stating that the effective parole date of March 15, 2008 had been retarded "until an acceptable release plan is developed" [Record No. 2-4, p.4] The USPC further stated that the Regional Commissioner would personally review the record at least once every thirty days thereafter.

On December 2, 2008, N. Keith Scott, Senior United States Probation Officer for the United States District Court for the District of Georgia issued a letter to gene McCoy, Case manager at FCI-Ashland [Record 2-3, p.6]. Scott stated that he made several unsuccessful attempts to schedule a home visit with Andy and Tammy Ledford, at their home, as part of the investigation for O'Connor's release [*Id.*]. According to Scott:

> While Mr. Ledford responded to this officer's attempted home visit and voice mail messages, Mr. Ledford was unable to arrange a home visit. This officer concludes that Mr. Ledford is not willing to offer his residence as a proposed release plan for the inmate.
>
> As a result, the plan is rejected.

[*Id.*].

On December 16, 2008, O'Connor wrote a letter to Thomas W. Bishop, Chief Probation officer the United States District Court for the District of Georgia [Record No. 2-3, p.7]. O'Connor expressed his concern and frustration over the Probation Office's refusal to approve various plans he had proposed. O'Connor stated that his plans consisted of "halfway house under public law, 3 recovery centers, and a private residence." [*Id.*]. Petitioner O'Connor further

5

stated that he had "two friends who will allow me to stay with them," and provided Bishop with the names and phone numbers of Andy and Tammy Ledford [*Id.*].

O'Connor attached a December 20, 2008, letter from P. Andrew Ledford and Tammy L. Ledford to Thomas W. Bishop [Record No. 2-3, p.8]. The Ledfords criticized the USPC and disputed Keith Scott's conclusion that they were unwilling to schedule a home visit. They stated that Scott had told them that he was under a lot of pressure to "resolve" the case [*Id.*]. They acknowledged "weren't able to set up a meeting time that would work for all three of us," but justified the failure for on the fact that Scott had made only two attempts to schedule a home visit [*Id*]. They stated their desire to provide a home for O'Connor [*Id*].

On January 19, 2009, O'Connor wrote a letter to the USPC in which he expressed his disappointment and frustration over being denied residency in the Ledford's home [Record No. 2-3, p.9]. He asked the USPC to review and reconsider the denial. He filed this § 2241 petition on January 29, 2009.

## DISCUSSION

The record contains some information some relative to the USPC's decision to deny Petitioner O'Connor's fourth and fifth proposed release plans [*See* Record No. 2-3, p.5-6]. The record needs further development as to the basis for denial of prior release plans, and any additional information which bears on the rejection of the fourth and fifth proposed plans. Therefore, the Court will order the respondent, the warden of FCI-Ashland, to file a response to this Petition.

Accordingly, **IT IS ORDERED** as follows:

(1) The Respondent in this action is the Warden of the FCI-Ashland.

(2)     The Clerk of the Court shall serve the current Warden of the FCI-Ashland and serve him, by certified mail, a copy of the Petition and this Order upon him, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3)     Respondent, by counsel, shall answer or otherwise defend within twenty (20) days of the date of entry of this Order. Respondent shall also file with his Answer or Response all relevant documentary evidence which bears upon the allegations contained in the Petition.

(4)     Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5)     The Petitioner shall keep the Clerk of the Court informed of his current mailing address. *Failure to notify the Clerk of any address change may result in a dismissal of this case.*

(6)     For any pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the document will be disregarded by the Court.

This  4  day of June, 2009.

_____
Henry R. Wilhoit, Jr., Senior Judge